IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WENDY KILPATRICK,
ADC #717910                                                                                              PLAINTIFF

v.                                           4:20-cv-01246-KGB-JJV

DOES, et al.;                                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Wendy Kilpatrick ("Plaintiff") is a convicted prisoner in the Saline County Detention Facility ("SCDF") waiting to be transported to the Arkansas Division of Correction. She has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, that lists, in bullet points, a variety conditions at the SCDF she believes to be unconstitutional such as inadequate COVID-19

precautions, limited showers, one hour of out-of-cell time, and no access to the commissary. (Doc. 7.) She also claims detainees only receive one phone call and no stamps to mail letters to her family.

Plaintiff has named six Defendants, but has not provided *any* facts explaining how they were personally involved in the alleged constitutional violations. There is no vicarious liability in § 1983 actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Instead, to plead a plausible claim a Plaintiff must explain now "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Similarly, to plead a plausible conditions of confinement claim, under the Eighth Amendment, a convicted prisoner must provide facts demonstrating that each defendant was actually ware of but deliberately indifferent to a substantial risk of harm posed by the conditions. *See Kulkay v. Roy*, 847 F.3d 637, 642-43 (8th Cir. 2017); *Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548 49 (8th Cir. 2010). The Amended Complaint does not provide that information.

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention, given her the opportunity to file an Amended Complaint curing them, and cautioned her that I would recommend dismissal if she failed to properly cure them. (Doc. 6.) Nevertheless, her Amended Complaint does not plead a plausible claim for relief.

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 7) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.   Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 20th day of January 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."